**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

DONNIE OLIVER CARROLL, JR.,
　　　　　　　*Defendant-Appellant.*

No. 00-4596

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-00-16-F, CR-00-17-F)

Submitted: January 26, 2001

Decided: February 12, 2001

Before LUTTIG and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Donnie Oliver Carroll's probation officer filed a motion for revocation of Carroll's supervised release. The motion set forth two grounds for revocation: 1) Carroll assaulted a police officer who had responded to a domestic violence call, and Carroll threatened and attempted to grab a police dog, and 2) Carroll failed to refrain from the excessive use of alcohol. Carroll admitted the truth of the allegations in the motion. After hearing evidence about Carroll's mental and physical infirmities, including substance abuse, possible bi-polar disorder, possible post traumatic stress disorder, and epileptic and non-epileptic seizures, the court concluded that Carroll needed intensive treatment, that he could receive twenty-four months of such treatment at FCI Butner, and that FCI Butner was the best place for Carroll to receive treatment. Accordingly, the district court sentenced Carroll to twenty-four months incarceration at FCI Butner, a sentence that exceeded the advisory range of eight to fourteen months contained in *U.S. Sentencing Guidelines Manual* § 7B1.4(a) (1998). Carroll timely appealed, claiming that the sentence is plainly unreasonable.

This court reviews a sentence imposed after revocation of supervised release for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). In the case at bar, the record reflects that the district court took into consideration not only Carroll's need for treatment of his epilepsy and other infirmities, but also his need for substance abuse treatment. The record establishes that Carroll's substance abuse problems hinder the treatment of his other problems, and that he was not making progress in overcoming his substance abuse problem. A probation official reported that Carroll could receive substance abuse treatment and mental health treatment at FCI Butner. In light of the information presented to the district court, and its consideration of that evidence, the court's decision was sound.

Carroll insists that the district court could not have made an informed choice, as it refused his request to be examined at FCI Butner prior to making its determination about the best course for him. This argument, however, is not sufficient to demonstrate that the district court's decision is "plainly unreasonable." Moreover, the district court reasonably took into consideration Carroll's whole panoply of infirmities, including his pervasive substance abuse problem and his apparent inability to deal with that problem, in concluding that a course of intensive treatment within the Bureau of Prisons would best serve Carroll's needs.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*